IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02050-BNB

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

MS. JOANN STOCK (Physician Assistant),
MR. KEVIN MILYARD (Warden), and
MS. BEVERLY DOWIS (Medical Administrator),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2011

GREGORY C. LANGHAM
CLERK

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

This matter is before the Court on the "Response to Order Denying Leave to Proceed In Forma Pauperis" (Doc. #6) filed October 4, 2011. Plaintiff, Michael Keith Tivis, asks the Court to reconsider the Court's order denying leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the motion to reconsider will be granted and Mr. Tivis will be allowed to proceed *in forma pauperis* in this action.

Mr. Tivis is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Tivis has filed *pro se* a Prisoner Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. Mr. Tivis also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #2). On September 13, 2011, the Court entered an order denying Mr. Tivis leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because he is subject to the filing restriction in § 1915(g). The Court specifically determined that Mr. Tivis has

accumulated three strikes and that he failed to allege specific facts that demonstrate imminent danger of serious physical injury existing at the time the instant complaint was filed.

Mr. Tivis alleges in the motion to reconsider that, at the time he commenced the instant action, "he was suffering from a bone and joint infection (osteomyelitis) and had been for over two years." (Doc. #6 at 1.) He further alleges that Defendants "did not take [his condition] seriously and refused to send [him] to a specialist for treatment." (*Id.* at 1-2.) Mr. Tivis also alleges that he has been "forced to suffer severe pain for almost two years due to the infection caused by the artificial joint." (*Id.* at 2.)

"There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." **Hafed v. Fed. Bureau of Prisons**, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). Vague and conclusory assertions of harm will not satisfy the requirement of § 1915(g). See **White v. Colorado**, 157 F.3d 1226, 1231 (10th Cir. 1998). Furthermore, allegations of past injury or harm are not sufficient. See **Fuller v. Wilcox**, 288 F. App'x 509, 511 (10th Cir. 2008). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." **Hafed**, 635 F.3d at 1179 (collecting cases). Finally, to establish imminent danger of serious physical injury in the context of the medical treatment arguments Mr. Tivis asserts in the instant action, he is required to "make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion.'" **Hafed**, 635 F.3d at 1180 (quoting **White**, 157 F.3d at 1232).

2

Accepting Mr. Tivis' allegations in the motion to reconsider and the Prisoner Complaint as true, see *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008), the Court finds that Mr. Tivis alleges facts that satisfy the imminent danger exception in § 1915(g). See *Bond v. Aguinaldo*, 228 F. Supp.2d 918, 919 (N.D. Ill. 2002) (finding allegation of serious and ongoing medical problems causing severe pain sufficient to demonstrate imminent danger of serious physical injury); *Perez v. Sullivan*, No. 05-C-711-C, 2005 WL 3434395 at *2 (W.D. Wis. Dec. 13, 2005) (finding allegation of severe pain sufficient to satisfy imminent danger requirement under § 1915(g)). Therefore, the order denying leave to proceed *in forma pauperis* will be vacated and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted. Accordingly, it is

ORDERED that the "Response to Order Denying Leave to Proceed In Forma Pauperis" (Doc. #6) filed October 4, 2011, which has been docketed as a motion to reconsider, is granted. It is

FURTHER ORDERED that the Court's Order Denying Leave to Proceed In Forma Pauperis (Doc. #5) filed September 13, 2011, is vacated. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #2) is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that Plaintiff shall pay an initial partial filing fee of **$7.00**. Plaintiff shall have **thirty (30) days from the date of this order** in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show

cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that, after payment of the initial partial filing fee, Plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment. Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order. It is

FURTHER ORDERED that if within the time allowed Plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without further notice.

DATED at Denver, Colorado, this __7th__ day of ___October___, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02050-BNB

Michael Keith Tivis
Prisoner No. 52378
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk