IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02050–PAB–KMT

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

MS. JOANN STOCK (PHYSICIAN ASSISTANT), in both her official and individual capacities,
MR. KEVIN MILYARD (WARDEN), in both his official and individual capacities, and
MS BEVERLY DOWIS (MEDICAL ADMINISTRATOR), in both her official and individual capacities,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Plaintiff's Motion for Preliminary Injunction." (Doc. No. 17, filed Nov. 18, 2011 [Mot.].) Defendants Dowis and Milyard filed a response on December 9, 2011. (Doc. No. 19). Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until December 26, 2011 to file a reply. No reply was filed by, or at any time after, that date.

Plaintiff's Motion seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) requiring Defendants to provide Plaintiff "with the hospitalization ordered by

the specialist so he may receive adequate treatment for the infection, severe pain and loosening in the replaced left hip." (Mot. at 2.)

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975). A party seeking a preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). The moving party must found his efforts on specific factual allegations, *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992), and his right to relief must be clear and unequivocal, *Penn*, 528 F.2d at 1185.

Additionally, the court notes that Plaintiff seeks a mandatory injunction that would disturb the status quo, a "specifically disfavored" type of injunction. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004). As a consequence, Plaintiff's Motion must be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* Therefore, Plaintiff must make a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976.

Although Plaintiff addresses the four factors outlined above, he does so in a plainly conclusory fashion. For example, Plaintiff argues that there is a "reasonable likelihood that [he] will prevail on the merits," because "defendants have denied plaintiff and other inmates with serious medical needs . . . adequate medical care" and thereby have exhibited "deliberate indifference to a substantial risk of serious harm." (Mot. at 1.) Similarly, as to the irreparable harm prong, Plaintiff maintains that as a "result of the constant misdiagnosing, denials, and delays of adequate medical care, plaintiff has suffered and continue [sic] to suffer serious physical and mental injuries." (*Id.*) These unsupported allegations fall well-short of demonstrating that Plaintiff is clearly and unequivocally entitled to a mandatory preliminary injunction. *Longstreth*, 961 F.2d at 902; *Penn*, 528 F.2d at 1185.

As to the balance of harms, the court notes that granting a mandatory injunction in this case would significantly undermine the Colorado Department of Correction's discretion and autonomy. *See Taylor v. Freeman,* 34 F.3d 266, 269-70 (4th Cir. 1994). The Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control, and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir.1997) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts . . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor,* 34

3

F.3d at 269. The court finds that this factor weighs heavily in Defendants' favor, particularly as Plaintiff has set forth only conclusory allegations of any medical need or injury.

Finally, the public interest does not persuade the court that a mandatory injunction would be appropriate in this case. The court notes that the public would ultimately have to bear the cost of any required changes in Defendants' conduct. The court finds that the public interest is best served by upholding the bright-line rule that court interference is limited to only those extreme cases where irreparable injury is clear. *Taylor*, 34 F.3d at 266, 269-70 & n. 2; *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

"Plaintiff's Motion for Preliminary Injunction" (Doc. No. 17) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge