IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02050–PAB–KMT

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

MS. JOANN STOCK (PHYSICIAN ASSISTANT), in both her official and individual capacities,
MR. KEVIN MILYARD (WARDEN), in both his official and individual capacities, and
MS BEVERLY DOWIS (MEDICAL ADMINISTRATOR), in both her official and individual capacities,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Letter to the Court" (Doc. No. 45, filed Mar. 12, 2012 [Mot.]), which the court construes to be a motion as, therein, Plaintiff requests that the court issue an order requiring non-party Correctional Officer Bowyer "pay the ordered 20% a month" of Plaintiff's filing fee (*see id.* at 2). Defendants filed their "Response to Plaintiff's Letter to the Court" on April 2, 2012. (Doc. No. 47, filed Apr. 4, 2012.) Although the time for Plaintiff to file a reply has not yet passed, *see* D.C.COLO.LCivR 7.1C, the court notes that it may rule on a motion at any time after it is filed, *id.*

    Although it is not entirely clear, it appears that Plaintiff seeks a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), requiring Correctional Officer Bowyer to pay

the remaining balance of Plaintiff's filing fee.  (*See* Mot. at 2.)  Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  A party seeking a preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  The moving party must found his efforts on specific factual allegations, *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992), and his right to relief must be clear and unequivocal, *Penn*, 528 F.2d at 1185.  Moreover, Plaintiff appears to seeks a mandatory preliminary injunction—that is "one which requires the nonmoving party to take affirmative action"—which "is an 'extraordinary remedy' and is generally disfavored."  *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010).  Finally, the court notes that it has only limited authority to restrain non-parties like Correctional Officer Bowyer.  *See* Fed. R. Civ. P. 65(d)(2)(A)–(C) (An order granting an injunction may bind only the parties; their "officers, agents, servants, employees and attorneys"; and "other persons who are in active concert" with the parties or their officers, agents, servants, employees, and attorneys.); *see also Little,* 607 F.3d at 1251 (affirming the denial of a motion for preliminary injunction where the plaintiff had not "alleged that the defendants named in the complaint participated in the alleged deprivations" nor alleged a "system-wide denial of [his] First Amendment rights.")

Here, Plaintiff Motion does not address any of the four factors governing the propriety of a preliminary injunction. Nor has Plaintiff addressed why a mandatory injunction is appropriate in this case. Finally, Plaintiff's Motion does not address whether it is consistent with Fed. R. Civ. P. 65(d)(2) to issue an order enjoining Correctional Officer Bowyer, a non-party. Therefore, it is impossible for the court to determine whether a preliminary injunction requiring Correctional Officer Bowyer to pay Plaintiff's filing fee would be appropriate in this case.

Therefore, for the foregoing reasons,

Plaintiff's "Letter to the Court" (Doc. No. 45) is DENIED without prejudice.

Dated this 3rd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge