IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02050–PAB–KMT

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

JOANN STOCK, PA, in her individual capacity,
BEVERLY DOWIS, in her individual and official capacity as Health Service Administrator for SCF,
DR. PAULA FRANTZ, in her individual and official capacity as Chief Medical Officer of the Colorado Department of Corrections ("CDOC"),
NICOLE WILSON, in her individual capacity,
MEGHAN REID, in her individual capacity and official capacity as ADA inmate coordinator for the State of Colorado,
DR. GARY FORTUNATO, in his individual capacity,
PHYSICIAN HEALTH PARTNERS, INC. d/b/a CORRECTIONAL HEALTH PARTNERS, a Colorado Corporation, and
DR. STEPHEN KREBS, in his individual capacity,

    Defendants.

---

## ORDER

---

This matter is before the court on Defendants' "Motion to Strike Amended Complaint." (Doc. No. 106, filed Feb. 19, 2013.)  Plaintiff filed a "Response to Motion to Strike and Cross-Motion for Leave to Further Amend Complaint."  (Doc. No. 111, filed Mar. 12, 2013.)  Although Defendants have yet to file a reply, the court finds that this matter is nonetheless ripe for review

and ruling. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

As a threshold matter, Plaintiff's Response is procedurally improper insofar it moves for leave to further amend Plaintiff's Amended Complaint (Doc. No. 104 [Am. Compl.].). D.C.COLO.LCivR 7.1C provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Accordingly, the court declines to consider Plaintiff's Response to the extent that it seeks leave to further amend the Amended Complaint.

Defendants Motion to Strike seeks to strike Plaintiff's Amended Complaint as outside of the scope of the amendments permitted by District Judge Philip A. Brimmer's Order Accepting in part and Rejecting in part this court's Recommendation. (Doc. No. 87, filed Aug. 22, 2012.) In that Order, Judge Brimmer dismissed Plaintiff's original Complaint. However, after review of motions and other court documents filed by Plaintiff, Judge Brimmer concluded that "plaintiff may be able to state a plausible Eighth Amendment claim arising out of the failure to treat [Plaintiff's] staph infection." (*Id.* at 5-6.) As such, Judge Brimmer permitted Plaintiff "to file an amended complaint asserting an Eighth Amendment claim relating to the treatment of his staph infection." (*Id.* at 6; *see also id.* at 12 (ordering that Plaintiff "may file an amended complaint <u>consistent with the foregoing</u> within sixty days of entry of this order.") (emphasis added).

Upon review, the court finds that Plaintiff's Amended Complaint clearly exceeds the scope of Judge Brimmer's Order. For example, Plaintiff's first claim asserts in part that, prior to the development of his staph infection, Defendant Joann Stock knew that Plaintiff was suffering

from a serious hip condition and refused to provide medication sufficient to alleviate Plaintiff's pain. (Am. Compl. ¶¶ 108-110.) Plaintiff's second claim also refers to actions of Defendant Beverly Dowis that occurred prior to the development of Plaintiff's staph infection. (*See id.* ¶ 117.) Plaintiff's third claim asserts, *inter alia,* that proposed defendant Paula Frantz implemented policies that force inmates with known disabilities to stand in "med lines" for long periods of time or suffer the risk of having providers discontinue prescribed medications. (*Id.* ¶ 133.) Plaintiff's fourth claim asserts that proposed defendant Nicole Wilson failed to arrange for Plaintiff to be seen by the specialists prior to his initial hip replacement surgery.[1] (*Id.* ¶¶ 98, 143-146.)

Plaintiff maintains that his Amended Complaint reflects new information previously unknown to Plaintiff—namely Defendant Dowis' testimony in an unrelated jury trial brought by another inmate—and also cures deficiencies in the Plaintiff's original Complaint, which was filed *pro se.* Plaintiff fails to grasp, however, that Judge Brimmer's Order contained a clear and specific directive as to the amended complaint that would be permitted. As filed, Plaintiff's Amended Complaint exceeds that directive and therefore was not authorized.

Accordingly, for the foregoing reasons, it is

ORDERED Defendants' "Motion to Strike Amended Complaint" (Doc. No. 106) is GRANTED. Plaintiff's Amended Complaint (Doc. No. 104) is STRICKEN. It is further

---

[1] The court makes clear that the issues discussed with respect to these claims are only exemplary, and not comprehensive, of the extent by which Plaintiff's Amended Complaint exceeds the bounds of Judge Brimmer's authorization.

ORDERED that Plaintiff may file an Amended Complaint that properly complies with Judge Brimmer's Order (Doc. No. 87) no later than April 3, 2013.

Dated this 13th day of March, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge