IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02050–PAB–KMT

MICHAEL TIVIS,

    Plaintiff,

v.

BEVERLY DOWIS, in her individual and official capacity as Health Service Administrator for SCF,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Amend the Operative Complaint." (Doc. No. 122, filed May 6, 2013 [Mot. Am.].) The court also considers Defendant's "Motion to Dismiss Amended Complaint." (Doc. No. 127, filed May 24, 2013.) For the following reasons, Plaintiff's Motion to Amend is GRANTED and Defendant's Motion to Dismiss is DENIED as moot.

## PROCEDURAL HISTORY

Plaintiff, appearing *pro se*, filed his original Prisoner Complaint on August 5, 2011. (Doc. No. 1.) Therein, Plaintiff asserted several claims pursuant to 42 U.S.C. § 1983, arising primarily out of the aftermath of his total hip replacement surgery on June 29, 2009. On August 22, 2012, District Judge Philip A. Brimmer issued an order accepting in part and rejecting in part

this court's Recommendation (Doc. No. 56) on Defendants' prior Motion to Dismiss. (Doc No. 87.) Although Judge Brimmer concluded that Plaintiff failed to state a claim for relief, he also found that "plaintiff may be able to state a plausible Eighth Amendment claim arising out of the failure to treat [Plaintiff's] staph infection." (*Id.* at 5-6.) As such, Judge Brimmer permitted Plaintiff "to file an amended complaint asserting an Eighth Amendment claim relating to the treatment of his staph infection." (*Id.* at 6.)

Plaintiff retained counsel and his attorney entered his appearance on Plaintiff's behalf on November 15, 2012. (*See* Doc. No. 94.) On April 30, 2013, pursuant to Judge Brimmer's order, Plaintiff filed an Amended Complaint asserting an Eighth Amendment claim against Defendant Beverly Dowis relating to her alleged failure to address Plaintiff's staph infection. (Doc. No. 121.)

In his current Motion to Amend, Plaintiff seeks leave to file a Second Amended Complaint (Doc. No. 122-1) adding six additional claims for relief and five additional defendants. More specifically, Plaintiff's Proposed Second Amended Complaint seeks to add the following individuals as Defendants: Nicole Wilson, a records technician at Sterling Correctional Facility (SCF); (2) Dr. Paula Frantz, Chief Medical Officer for the Colorado Department of Corrections (CDOC); (3) Meghan Reed, ADA Coordinator for the CDOC; (4) Physician Health Partners, Inc. d/b/a Correctional Health Partners (CHP), an independent contractor providing healthcare administration services to the CDOC; and (5) Dr. Steven Krebs, Chief Medical Officer for CHP. Plaintiff's Proposed Second Amended Complaint also seeks to assert the following additional claims: (1) two claims under § 1983 for violations of the Eighth

Amendment against Ms. Wilson and Dr. Krebs, respectively; (2) a negligence claim against CHP and Dr. Krebs; (3) an Americans with Disabilities Act (ADA) claim against Ms. Reed, Dr. Frantz, and Defendant Dowis; (4) a Rehabilitation Act claim against Ms. Reed and Defendant Dowis; and (5) a breach of contract claim against CHP.

Defendant filed a Response opposing Plaintiff's Motion to Amend on May 28, 2013. (Doc. No. 129.) Plaintiff filed his Reply on June 11, 2013. (Doc. No. 131.) Accordingly, this matter is ripe for the court's review and order.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). The Federal Rules reject the approach "that pleading is a game of

skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

## ANALYSIS

Defendant argues that Plaintiff's Motion to Amend should be denied because "Plaintiff should not be permitted to amend his complaint outside of what has already been permitted by the court." (Resp. at 4.) Defendant maintains that Plaintiff should not be allowed to amend his complaint in any manner outside the scope of the amended complaint authorized by Judge Brimmer.

The court does not construe Judge Brimmer's order to foreclose Plaintiff from any and all future amendments that otherwise comport with Rule 15(a). Judge Brimmer's order merely concluded that, although Plaintiff's original Complaint failed to state a claim for relief, Plaintiff had set forth facts in other court-filings suggesting that he might be able to state a cognizable Eighth Amendment claim arising out the treatment of his staff infection. As such, rather than dismissing the case in its entirety at that time, Judge Brimmer allowed Plaintiff an opportunity to file an amended complaint asserting such a claim.

Since that time, Plaintiff has retained counsel and has apparently uncovered facts and legal theories warranting the assertion of additional claims and joinder of additional parties. In light of the liberal policy governing amendment to the pleadings, the court will not foreclose this opportunity based on Defendant's very narrow reading of Judge Brimmer's Order.

Beyond that global objection, Defendant does not otherwise maintain that Plaintiff's proposed amendments are unduly delayed[1] or prejudicial, or submitted in bad faith. Rather, in the alternative to the argument discussed above, Defendant maintains that Plaintiff's proposed claims would be futile, at least insofar as they are targeted at her and proposed defendants Reed, Wilson, and Frantz.

"It is true, as Defendant[] assert[s], that the court may deny leave to amend if the proposed amendments fail to state plausible claims under Rule 12(b)(6)." *Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999)). However, because Defendant does not maintain that she will face any prejudice—let alone undue prejudice—if Plaintiff's amendments are permitted, the court finds it appropriate to defer this question until if and when Defendant and the proposed defendants file appropriate dispositive motion(s) directed at Plaintiff's Proposed Second Amended Complaint. *See id.* (citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006)) (noting that prejudice is the single most important factor in deciding whether to grant leave to amend and finding that, in the absence of such prejudice, a party's opposition to a motion to amend is "grievously weakened"); *see also General Steel Domestic Sales, LLC v.*

---

[1] The deadline for joinder of parties and amendment of pleadings was set for June 29, 2012. Nevertheless, neither party has addressed whether Plaintiff has shown good cause to amend this scheduling deadline, pursuant to R. Civ. P. 16(b)(4). Because the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders," *see United States ex rel. Ritchie v. Lockheed Martin Corp.,* 558 F.3d 1161, 1166 (10th Cir. 2009), the court declines to raise this issue *sua sponte*.

*Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) often places "the cart before the horse."). The court finds this course of action to be particularly prudent as Defendant does not argue that Plaintiff's proposed amendments against CHP and Dr. Krebs would be futile[2] and, therefore, the court is unwilling to reject Plaintiff's Proposed Second Amended Complaint *in toto*.

Altogether, in light of the liberal policy governing amendments to the pleadings, and in order to preserve scare judicial resources, the court finds it appropriate to grant Plaintiff leave to file his Proposed Second Amended Complaint. *See Minter,* 451 F.3d at 1204 (Rule 15's purpose "is to provide litigant the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") Therefore, it is

ORDERED that Plaintiff's "Motion for Leave to Amend the Operative Complaint" (Doc. No. 122) is GRANTED. The Clerk of Court is directed to file Plaintiff's Proposed Second Amended Complaint (Doc. No. 122-1). It is further

ORDERED that Defendant's "Motion to Dismiss Amended Complaint" (Doc. No. 127) is DENIED without prejudice as moot as it is now directed at an inoperative pleading. *See, e.g., Brunet v. The Quizno's Franchize Co*. LLC, No. 07–cv–01717–EWN–KMT, 2008 WL 4380590, at *1 (D.Colo. Sept. 24, 2008). It is further

---

[2] To be sure, Defendant likely did not argue that these proposed claims would be futile because these individuals are not directly affiliated with the CDOC and therefore, if added as defendants, may likely retain separate counsel.

ORDERED that the Scheduling Conference set for June 28, 2013 is VACATED and RESET for September 5, 2013 at 10:15 a.m. Plaintiff shall serve the new defendants no later than August 9, 2013 to allow them sufficient time to participate in preparing the proposed Scheduling Order and appear at the Scheduling Conference. The parties shall file their proposed Scheduling order no later than August 29, 2013.

Dated this 25th day of June, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge