IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02050-PAB-KMT

MICHAEL TIVIS,

    Plaintiff,

v.

BEVERLY DOWIS, in her individual and official capacity as Health Service Administrator for SCF,
NICOLE WILSON, in her individual capacity,
DR. PAULA FRANTZ, in her individual and official capacity as Chief Medical Officer for the Colorado Department of Corrections,
MEGHAN REED, in her individual capacity and official capacity as ADA Inmate Coordinator for the State of Colorado,
PHYSICIAN HEALTH PARTNERS, INC., d/b/a Correctional Health Partners, a Colorado corporation, and
DR. STEVEN KREBS, in his individual capacity.

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya (the "Recommendation") filed on August 11, 2014 [Docket No. 189]. The magistrate judge recommends that the Court grant the partial motion to dismiss filed by defendants Beverly Dowis, Nicole Wilson, and Meghan Reed. [Docket No. 155]. On September 8, 2014, having extended plaintiff's deadline to object to the Recommendation and having received no objection by the extended due date, the Court issued an order accepting the Recommendation. Docket No. 195. Later that day plaintiff filed a Motion for Reconsideration of the Court's order accepting the Recommendation, and submitting proposed objections. Docket No. 196. The Court

granted plaintiff's motion in part on October 14, 2014, and vacated its September 8, 2014 Order. Docket No. 217.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

## I. ANALYSIS

Plaintiff is an inmate at the Sterling Correctional Facility ("SCF"). Docket No. 138 at 2, ¶ 1. The relevant facts are set forth in detail in the Recommendation and will not be recited here except as relevant to the Court's de novo review.

### A. ADA and Rehabilitation Act Claims

Plaintiff objects to the Recommendation's finding that he fails to state a claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act on two grounds: first, that the Recommendation's finding that plaintiff's need for an accommodation was not obvious and that plaintiff did not make an explicit request for an accommodation were erroneous, and second, that the Recommendation's finding

was "based on an incomplete recitation of facts set forth in the Second Amended Complaint." Docket No. 196-2 at 2.[1]

Title III of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for discrimination under the ADA, plaintiff must allege that "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Anderson v. Colo. Dep't of Corrs.*, 848 F. Supp. 2d 1291, 1300 (D. Colo. 2012) (quoting *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)). A claim under the Rehabilitation Act must meet similar requirements, namely, "(1) that the plaintiff is disabled under the Act; (2) that he would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency); and (4) that the program has discriminated against the plaintiff." *McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004).

---

[1] Plaintiff also objects that "[t]he Recommendation's selective fact finding resulted in omission of critical facts necessary to resolve defendants [sic] motion." Docket No. 196-2 at 2. This objection is not directed to any specific finding, but rather appears to be a general objection to the entirety of the Recommendation. Objections must be specific enough "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059. Plaintiff's objection falls short of this standard and is thus not properly before the Court. Nevertheless, the Court does not confine its de novo review to the facts considered in the Recommendation and will consider all factual allegations raised in plaintiff's objections.

There is no dispute that plaintiff is a qualified individual with a disability, that he is "otherwise qualified" to receive medications from SCF and that SCF receives federal funding. Plaintiff challenges only the finding that defendant Reed did not refuse to make a reasonable accommodation. Docket No. 196-2 at 8-9. "Once a public entity has knowledge of an individual's disability, the entity must also have knowledge that an individual requires an accommodation of some kind to participate in or receive the benefits of its services. In other words, the entity must have knowledge that an individual's disability limits her ability to participate in or receive the benefits of its services." *Robertson*, 500 F.3d at 1197 (citing *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996)). "[A] public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Id.* at 1197-98.

Plaintiff points to one specific fact allegedly overlooked by the Recommendation, that defendant Reed denied plaintiff's grievance "[f]ollowing a thorough investigation into [plaintiff's] allegations." Docket No. 196-2 at 9 (citing Docket No. 155-2 at 1). According to plaintiff, a thorough investigation into plaintiff's allegations must have included plaintiff's "prior grievances, his medical history, and an inquiry into the inner workings of the medicine-distribution system at SCF," and therefore would have made defendant Reed aware of plaintiff's need for an accommodation. *Id.* The Court disagrees. Plaintiff's grievance, which is attached to defendants' motion,[2] pertained

---

[2] The magistrate judge considered the grievance and written denial on a Rule 12(b)(6) motion because the grievance was referred to in the complaint. Docket No. 189 at 3 n.3. Plaintiff does not object to this aspect of the Recommendation.

entirely to plaintiff's need for medication.  The relief requested in the grievance included "adequate pain relief," an order that the individual who informed plaintiff that he would no longer be given pain medication because he missed doses could not have contact with plaintiff, a copy of an order that the Department of Corrections no longer uses a particular pain medication, and a "return" of all of plaintiff's restrictions.  Docket No. 155-1 at 1.  These requests did not put defendant Reed on notice that plaintiff would require an accommodation.  Moreover, plaintiff's chief allegation in his grievance was that a certain individual was retaliating against him for refusing to stand in line for medication.  The allegations of the complaint do not allow a reasonable inference that plaintiff's grievance seeking medical care would have made it obvious that plaintiff would require a future accommodation.

Plaintiff's objection refers to a "request to enter a shorter med-line" that preceded his grievance to defendant Reed.  Docket No. 196-2 at 10.  But the complaint is devoid of details about that earlier request other than the allegation that it was "arbitrarily and cruelly denied."  See Docket No. 138 at 16, ¶ 91.  Plaintiff alleges no facts that suggest defendants Reed, Dowis, or Frantz were involved in or aware of the denial of his earlier request to enter a shorter "med-line."  The Court cannot determine from the complaint to whom the request was made or whether it was made formally in writing.  Absent such allegations, inferring defendants' awareness of plaintiff's need to stand in a shorter line for medication from the mere fact that a thorough investigation was conducted into plaintiff's grievance requesting adequate pain relief would go beyond the "reasonable inferences" to which plaintiff is entitled on a Rule 12(b)(6) motion.  See Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).  Accordingly, the Court finds no error

in this aspect of the Recommendation.

### B. Eighth Amendment Claim

Plaintiff objects to the Recommendation's finding that plaintiff failed to state a claim under 42 U.S.C. § 1983 against defendant Wilson for violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff argues that Magistrate Judge Tafoya "employed a heightened pleading standard" and "failed to appreciate the scope of a 'gatekeeper's' liability for deliberate indifference to serious medical needs under Tenth Circuit [§] 1983 jurisprudence." Docket No. 196-2 at 2.

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'r v. Brown*, 520 U.S. 397, 410 (1997). "[T]he subjective component

is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Tenth Circuit has recognized three types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition; (2) a prison official preventing an inmate from receiving medical treatment; or (3) a prison official denying a prisoner access to medical personnel capable of evaluating the inmate's condition. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). Plaintiff's complaint against defendant Wilson invokes the second type of conduct, liability of a "gatekeeper."

The Court finds that plaintiff's allegations do not state sufficient facts to show that defendant Wilson was deliberately indifferent to plaintiff's serious medical condition. Although plaintiff meets the objective component of a deliberate indifference claim, as his doctor's recommendation establishes an objectively serious medical need, plaintiff pleads no facts that satisfy the subjective component. Plaintiff concedes that his claim against defendant Wilson is not based on denial of grievances, Docket No. 196-2 at 5-6, but that his mention of the numerous grievances defendant Wilson denied was simply to support that defendant Wilson "had personal knowledge of Mr. Tivis' extremely painful hip infection and knew that a delay in the provision of treatment would cause him substantial risk of harm." *Id.* at 6. Plaintiff's allegations do not support this finding. Plaintiff alleges only that due to defendant Wilson's history of denying plaintiff's

grievances, defendant Wilson was aware that plaintiff "suffered from intolerable pain in his left hip beginning in June of 2009." Docket No. 138 at 15, ¶ 83. While plaintiff pleads that he submitted grievances complaining of hip pain that he had suffered for years, he does not allege that he filed a grievance that explained Dr. Jurgens' January 2012 recommendation that plaintiff needed surgery or that defendant Wilson was otherwise aware of this recommendation.

Moreover, the only specific act or omission of defendant Wilson that plaintiff claims caused him harm was that Wilson "ignored Dr. Fauvel's request, in April of 2012, to check on the approval and scheduling of Mr. Tivis urgent hip osteotomy." *Id.* at 15, ¶ 85. The complaint contains no details about Dr. Fauvel's request or about Dr. Fauvel himself. In fact, plaintiff's two characterizations of Dr. Fauvel's request are contradictory: plaintiff first describes it as a request "to check on the approval and scheduling" of a hip osteotomy. *Id.* Later, however, plaintiff claims that Dr. Fauvel made a "direct request to initiate an urgent appointment." *Id.* at 22, ¶ 125. However the request is characterized, neither the allegations in the complaint nor any reasonable inferences that may be drawn from them support a finding that defendant Wilson's one-time failure to check on the scheduling, or schedule an appointment, constitutes the "extraordinary degree of neglect" that plaintiff must show to satisfy the subjective component of a deliberate indifference claim, *Self*, 439 F.3d at 1232,[3] particularly since the appointment that defendant Wilson allegedly failed to schedule took place on June

---

[3]Plaintiff argues in his objection that the complaint referred to two instances where defendant Wilson was instructed to schedule or check on the status of plaintiff's surgery approval. Docket No. 196-2 at 7 (citing Docket No. 138 at 22, ¶ 124). Plaintiff pleads no facts related to a second request, however.

25, 2012, a short time after defendant Wilson's alleged failure. Docket No 138 at 9,

¶ 38. The Court therefore finds no error in the Recommendation's conclusion that

plaintiff fails to state a claim under the Eighth Amendment.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 189] is **ACCEPTED**. It is further

**ORDERED** that defendants Beverly Dowis, Nicole Wilson, and Meghan Reed's Partial Motion to Dismiss [Docket No. 155] is **GRANTED**. It is further

**ORDERED** that plaintiff's second, fifth, and sixth claims for relief are dismissed with prejudice.

DATED December 29, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge