IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02050-PAB-KMT

MICHAEL TIVIS,

    Plaintiff,

v.

BEVERLY DOWIS, in her individual and official capacity as Health Service Administrator for SCF,
NICOLE WILSON, in her individual capacity,
DR. PAULA FRANTZ, in her individual and official capacity as Chief Medical Officer for the Colorado Department of Corrections,
MEGHAN REED, in her individual capacity and official capacity as ADA Inmate Coordinator for the State of Colorado,
PHYSICIAN HEALTH PARTNERS, INC., d/b/a Correctional Health Partners, a Colorado corporation, and
DR. STEVEN KREBS, in his individual capacity,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion to Review Taxation of Costs [Docket No. 238] filed by defendants Physician Health Partners, Inc. and Dr. Steven Krebs ("defendants").  In this case, plaintiff alleged that defendants denied and delayed a surgery that plaintiff's health care providers recommended, which was necessary to treat a life-threatening staph infection that plaintiff contracted as a result of a defective implant installed during a 2009 total hip replacement surgery.  *See generally* Docket No. 138.  On March 17, 2015, the Court granted summary judgment as to all of plaintiff's then-remaining claims.  Docket No. 231.  Final judgment in this matter entered on March 18, 2015.  Docket No. 232.  Further factual details are set forth in various

orders in this case, *see* Docket No. 221 at 4-11, Docket No. 189 at 2-6, and will not be recited here.

On April 1, 2015, defendants submitted a Proposed Bill of Costs seeking costs in the amount of $1,084.75. Docket No. 233. On April 14, 2015, the Clerk of the Court awarded costs in the amount of $916.70. Docket No. 234. The Clerk of the Court excluded costs for a transcript of plaintiff's deposition of defendant Meghan Reed on the grounds that the transcript was not cited in defendants' successful motion for summary judgment. *Id.* at 3. Defendants seek the costs associated with the deposition transcript, which total $168.05. Docket No. 238 at 2.

Title 28, United States Code, § 1920 governs what costs are taxable under Federal Rule of Civil Procedure 54(d)(1) and allows the Court to tax fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The party seeking costs bears the burden of establishing that the requested sums were reasonably necessary to the litigation. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002). Courts must evaluate the reasonableness of each expenditure according to the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *In re Williams Sec. Litig-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The Court "will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id*. (internal citations omitted). "[T]he taxing of costs pursuant to Rule 54(d)(1)

rests in the sound judicial discretion of the trial court, and an abuse of that discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Allison*, 289 F.3d at 1248 (internal citations omitted).

When a "deposition was reasonably necessary to the litigation, the resulting costs are generally allowable." *Karsian v. Inter-Regional Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998) (citations omitted). However, if the deposition was taken "simply for discovery purposes, then costs are not recoverable." *Id*.

Defendants state that the deposition transcript was reasonably necessary to the litigation because defendant Reed was a named party. Docket No. 238 at 3, ¶ 3. The mere fact that Ms. Reed was a named defendant in this action, without more, is insufficient to satisfy defendants' burden. *Cf. Crandall v. City and Cty. of Denver, Colo.*, 594 F. Supp. 2d 1245, 1249-50 (D. Colo. 2009) (holding that the costs of the transcripts of two named plaintiffs' depositions were not taxable "in the absence of any proffered justification" for incurring those costs). Moreover, plaintiff's claims against Ms. Reed appear distinct from his claims against defendants. In the most recent operative complaint, plaintiff alleged that Ms. Reed denied a grievance in which plaintiff complained that the facility's practice of requiring inmates to walk long distances and wait in a line to receive medication violated his rights under the Americans with Disabilities Act. *See generally* Docket No. 138 at 15-17, ¶¶ 86-97. Plaintiff's allegations against defendants relate to entirely different conduct. Plaintiff alleged that defendants, who contracted with the Colorado Department of Corrections to manage

inmates' care, ignored an urgent request for medical treatment, *id.* at 17-19, ¶¶ 98-109, and brought claims against defendants for violation of plaintiff's Eighth Amendment rights, negligence, and breach of contract. *Id.* at 22-24, 27, ¶¶ 127-139, 150-55. Given the distinctly different nature of the claims against defendants and Ms. Reed, and defendants' failure to explain the specific need for her deposition transcript, the Court finds that defendants have not satisfied their burden to show that Ms. Reed's deposition transcript was reasonably necessary for the defense of this case. Accordingly, it is

**ORDERED** that defendants Physician Health Partners, Inc. and Dr. Steven Krebs' Motion to Review Taxation of Costs [Docket No. 238] is **DENIED**.

DATED February 22, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge